· Matter of the Application of GRACE D. VALENTINE for a Determination as to the Construction and Effect of the Will of WILLIAM H. VALENTINE, Deceased.

(Surrogate's Court, Bronx County, June, 1921.)

Wills — construction of — dower.

Where a bequest of the income of two-thirds of the residuary estate for the benefit of testator's widow is declared to be in lieu of dower and the only change with respect to her, made by a codicil by which testator ratified and confirmed his will in every respect, so far as any part thereof was inconsistent with the codicil, was to add a further limitation to the widow's right to receive income, by providing that the same should be paid to her so long as she remained the widow of the testator, there is nothing inconsistent between the will and codicil with respect to dower.

PROCEEDING under section 2615 of the Code of Civil Procedure for the construction of a will.

William S. Jackson, for petitioner.

Salter & Steinkamp, for respondents.

SCHULZ, S. By paragraph 4 of his will, the testator gave all the rest, residue and remainder of his estate, real and personal, to his executors in trust to divide into three equal parts, and by subdivision I of said paragraph he provided that two of said parts be invested and the income thereof, after the payments specified, be paid over to his wife during her natural life, and thereafter to his adopted daughter, and upon the death of both of these persons, the principal be transferred and conveyed to the issue of the adopted daughter. The subdivision further provides as follows: " * * * the provision herein for the benefit of my wife shall be in lieu of dower."

The 2d paragraph of the codicil to said will contains the following provision: "As to Section Fourth of my said Will, paragraph I, thereof, which among other things directs that the Executors and Trustees in my Will to pay two-thirds of the net income to my wife Grace D. Valentine for and during her natural life and after her death to pay same to my adopted daughter Martha V. Standfast, I by this Codicil to my said Will direct my Executors and Trustees instead of paying two-thirds of the said net income as mentioned in my said Will to my said wife during her natural life, to pay the said two-thirds thereof to my said wife for and during her natural life or so long as she remains my widow whichever of such events first happens and from and immediately after the death or remarriage of my said wife to pay the same to my said adopted daughter Martha V. Standfast during her life and on her death to her issue, and I hereby ratify and confirm my said last Will and Testament in every respect save so far as any part of the same is inconsistant with this Codicil."

It seems not to be disputed that the provisions in

Surrogate's Court, Bronx County, June, 1921. [Vol. 115.

the will as distinguished from the codicil were clearly in lieu of her dower. It is contended by the petitioner, however, that the provisions contained in the codicil were substituted for those in the will, and as it was not stated in the codicil that they were in lieu of dower, it is urged that the widow is entitled to receive her dower in addition to the benefits to which she is entitled under the will and codicil.

The only change with respect to his widow which the testator made by the codicil was to add a further limitation to her right to receive income by providing that the same be paid to her *so long as she remained his widow.* The 4th paragraph of the will and the 2d paragraph of the codicil must be read together, and if so read, it seems to me clear that there is nothing inconsistent between them with reference to the widow's dower. As the testator ratified and confirmed his will in every respect, save so far as any part of the will was inconsistent with the codicil, I reach the conclusion that it was the intention of the decedent that the provisions in favor of his wife contained in paragraph 4 of the will as modified and changed by paragraph 2 of the codicil were in lieu of dower. It is also urged that the general scheme of the whole will and codicil shows such an intent, but as I am satisfied that the language of the two paragraphs expresses the same, it is not necessary to discuss that contention.

Decreed accordingly.